[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
FINDINGS OF FACTS
The plaintiff in this administrative appeal which was returned to court on April 18, 1989 amended his complaint on July 2, 1990 by adding identical paragraphs to both counts of his appeal alleging that the Zoning Board of Appeals or members of it prejudged his application by virtue of the fact that a Board member, prior to the Zoning Board of Appeals hearing stated to the plaintiff: "We beat people like you in court and don't you forget it."
Since there was no evidence bearing on this claim in the record of the Zoning Board of Appeals hearing (pursuant to Connecticut General Statutes section 4-183 (i)) the parties appeared on September 26, 1990 where the Court heard testimony on the issue.
The plaintiff testified as follows: that he attended the Zoning Board of Appeals hearing held on February 21, 1989 accompanied by his attorneys, Thomas Cloutier and Stanley Barall, and his architect, Earl Horowitz; that he and Mr. Horowitz were seated in the front row of the hearing room not far from a table at which were seated the Zoning Board of Appeals members, including Zoning Board of Appeals member Laura Tierney; that just prior to the commencement of the meeting Laura Tierney pointed her finger at him and said, "We beat people like you in court and don't you forget it"; that when Tierney made the statement plaintiff's attorneys were at the rear of the room and did not hear it; that shortly thereafter the hearing started with Attorney Cloutier's CT Page 2960 opening statement on plaintiff's application; that plaintiff did not have time prior to the hearing to inform his attorneys of Tierney's statement; that he related the incident to his attorneys after the hearing in the parking lot while going to their car; and that he did not know nor had he ever met Tierney prior to the Zoning Board of Appeals hearing.
Earl Horowitz, plaintiff's architect, testified that he was seated next to the plaintiff and that Tierney pointed at the plaintiff and made the statement; that the statement was made just prior to the hearing and just prior to Attorney Cloutier coming to the front of the hearing room to commence presentation of plaintiff's application; and that the plaintiff told his attorneys about Tierney's statement after the hearing outside the building while going to the car.
Laura Tierney (called by defendant) testified that she was a Zoning Board of Appeals member completing her fifth year; that she did not know the plaintiff prior to his introduction by Attorney Cloutier which was after Attorney Cloutier made his opening presentation statement; that she did not make the statement to the plaintiff; that such a statement would have been inappropriate; that she harbored no bias toward the plaintiff or his attorneys and that at no time, either at the hearing in question or at subsequent hearings, did she make any comments to the plaintiff.
Kathryn Hatch (called by defendant), Assistant Zoning Enforcement Officer, testified that she attended the hearing, was seated close to the plaintiff and that Tierney did not address any statement to the plaintiff.
Attorney Stanley Barall (called by the plaintiff) testified that he observed that Hatch came into the hearing room after the plaintiff's hearing had commenced.
The Court has considered the evidence presented by the parties as well as the fact that the alleged statement, which is the basis of the claim of prejudgment was disclosed to plaintiff's attorney on February 21, 1989 but not alleged in plaintiff's appeal which was returned to court on April 18, 1989. The amendment to the appeal claiming prejudgment was not filed until July 3, 1990, some sixteen months after the alleged statement was disclosed to plaintiff's attorneys.
Considering the long delay in making the claim as well as all the testimony presented at the court hearing, it is concluded that the plaintiff has not met his burden of establishing that Tierney, the Zoning Board of Appeals member, made the statement which the plaintiff claims as the basis for CT Page 2961 establishing prejudgment on the part of the Zoning Board of Appeals.
TAMBORRA, J.